Brudy v. Barr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand twenty.

PRESENT:  ROSEMARY S. POOLER,
  PETER W. HALL,
  DENNY CHIN,
  *Circuit Judges.*

_____

YANICK BRUDY,

  *Petitioner*,

  v.  18-2272

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

  *Respondent*.

_____

Appearing for Petitioner:  Andres Ortiz, Long Beach, CA.

Appearing for Respondent:  Laura Halliday Hickein, Trial Attorney, Office of Immigration Litigation (Shelley R. Goad, Assistant Director, *on the brief*), *for* Ethan P. Davis, Acting Assistant Attorney General, United States Department of Justice, Washington, D.C.

Petition for review of an order of the Board of Immigration Appeals.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this petition for review of a decision of the Board of Immigration Appeals be and it hereby is **GRANTED**, the order of removal is **VACATED**, and the case is **REMANDED**.

Petitioner Yanick Brudy seeks review of a Board of Immigration Appeals ("BIA") decision affirming the decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. *In re Yanick Brudy*, No. A204 174 914 (B.I.A. July 12, 2018), *aff'g* No. A204 174 914 (Immigration Ct. N.Y.C. Nov. 20, 2017). We assume the parties' familiarity with the underlying facts, issues, and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Chen v. Bd. of Immigr. Appeals*, 435 F.3d 141, 144 (2d Cir. 2006). In relevant part, the BIA concluded that Brudy was removable under 8 U.S.C. § 1182(a)(6)(A)(i) because even presuming that Brudy had received "wave through" entry, during which an immigration officer waved a car in which Brudy was a passenger through a port of entry while he presented another person's driver's license, such an entry was not "a lawful admission for purposes of removability." Certified Admin. Record at 3-4. The IJ, however, found that Brudy had not been waved through.

As the Government concedes, the BIA's conclusion was erroneous because a procedurally regular wave through entry is a lawful admission. *See Matter of Quilantan*, 25 I. & N. Dec. 285, 290-91 (B.I.A. 2010). Thus, when an immigration officer waves a car through a port of entry, a passenger in the car who made himself available for questioning and made no false claim to U.S. citizenship is admitted, even if no questions are asked. *Id.* at 286, 293.

However, because the BIA neither affirmed nor rejected the IJ's factual finding that Brudy had not been waved through, we remand for the BIA to determine in the first instance whether the IJ's factual finding is supported. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 137 (2d Cir. 2012). Given the "foundational principle" that "a denial of immigration relief stands or falls on the reasons given by the [IJ or BIA]," we cannot make this determination ourselves in the first instance; doing so "would usurp the role of the agency." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117 (2d Cir. 2007) (internal quotation marks and citation omitted).

Given this outstanding issue of removability, we need not reach the agency's denial of cancellation of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is GRANTED, the order of removal is VACATED, and the case is REMANDED. The previously granted stay of removal is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court